

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1873-11

### THE STATE OF TEXAS

### v.

### CARLOS ESPARZA, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

HERVEY, J., filed a concurring opinion in which KELLER, P.J., and KEASLER, J., joined.

### O P I N I O N

Although I concur in the judgment of the Court, I join Presiding Judge Keller's opinion based on the reasoning employed therein. I write separately, however, to express particular concern with the timidity of the majority opinion in failing to recognize the authority of the trial court as the gatekeeper for questions of admissibility, including forensic science.

While ultimately the proponent of scientific evidence bears the burden of proving

reliability by satisfying the criteria set forth in *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992), it is the trial court that must conduct the hearing and determine whether the proponent has established that criteria. *See id.* at 572–73 & n.10 ("Under Rule 104(a) and (c) and Rule 702, all three [*Kelly*] criteria must be proven to the trial court, outside the presence of the jury, before the evidence may be admitted[,]" and "Rule 104(a) requires that the admissibility of expert testimony be determined by the trial court.").

> Today, Judge Price, writing for the majority, states that

> Whether at trial or in a pretrial hearing, the State . . . can, of course, be made to satisfy its burden to demonstrate reliability. But it is not called upon to satisfy that burden unless and until the appellee . . . has made a specific objection that those test results are scientifically unreliable or *(perhaps)* until the trial court, in its capacity as the gatekeeper of the admissibility of scientific evidence, should *sua sponte* call upon [the State] to do so.

Maj. Op. at 10 (emphasis added). In *Jackson*, an opinion also authored by Judge Price, this Court emphasized that "before scientific evidence may be admitted, the trial court *must* conduct a hearing outside the presence of the jury to determine whether the proponent has established all three criteria." *Jackson v. State*, 17 S.W.3d, 554, 670 (Tex. Crim. App. 2000) (emphasis added) (citing *Kelly*, 824 S.W.2d at 573).

Today the majority implies that a trial court may be incapable of sua sponte inquiring into the admissibility of scientific evidence in its role as gatekeeper. This is dangerous and could have a chilling effect on trial judges who would have otherwise

fulfilled their contemplated obligation to prevent the admission of "junk" science. The implications of this concern are far reaching.

If a trial court cannot sua sponte inquire into the admissibility of scientific evidence under Rule 702, as would be evident from the dictates of *Daubert*, *Kelly*, and their progeny, a criminal defendant could be convicted based on "junk" science simply because he or she had an attorney who failed to challenge the proffered evidence or inadequately challenged it, and the jury would be none the wiser because it never knew that the science that it relied on to reach its verdict was junk. *See id.* The real losers of this decision will be criminal defendants convicted on "junk" science; the residents of the convicting county; the people that expended time, effort, and money at the original trial; and the State of Texas. And to add insult to injury, these results are possible only because of the majority's unfortunately inconsistent language with respect to Rule 702.

Forcing a trial court to abdicate its role as the gatekeeper of scientific evidence creates problems not only at trial but also on appeal because this Court has decided that an appellate court is limited to the appellate record and cannot supplement a bare record with its own research or by taking judicial notice of the "correct" science on a bare record.[1] *See Hernandez v. State*, 116 S.W.3d 26, 31–32 (Tex. Crim. App. 2003) (per

---

[1]In Judge Keasler's dissent in *Hernandez*, which I joined, we agreed that the appropriate standard of review for the admission of scientific evidence was a bifurcated standard rather than an abuse-of-discretion review. *See Hernandez*, 116 S.W.3d at 49 (Keasler, J., dissenting, joined by Hervey, J.). That is, appellate courts should review a trial court's credibility determinations for an abuse of discretion but the validity of the science de novo. *Id.*

curiam) ("Although appellate courts may take judicial notice of other appellate opinions concerning a specific scientific theory or methodology in evaluating a trial judge's *Daubert*/*Kelly* 'gatekeeping' decision, . . . judicial  notice on appeal cannot serve as the sole source of support for a bare trial court record concerning scientific reliability.").

Because I believe that Presiding Judge Keller offers a more compelling analysis for the disposition of this case, and with my other comments respecting a trial court's gatekeeping function, I respectfully concur in the judgment of the Court.

Hervey, J.

Filed: October 30, 2013.

Publish